UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLE L. R., )
 )
      *Plaintiff* )
 )
v. ) No. 1:18-cv-00261-JAW
 )
ANDREW M. SAUL, )
*Commissioner of Social Security*,[1] )
 )
      *Defendant* )

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable, through her date last insured for SSD benefits, of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that (i) the Appeals Council erroneously declined to consider a medical source statement from treating physician's assistant Danielle St. Onge, PA-C, (ii) the ALJ's determination of her residual functional capacity ("RFC") is unsupported by substantial evidence, (iii) the ALJ erroneously failed to consider whether her knee impairment equaled Listing 1.02, Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), or met or equaled Listing 1.03, and (iv) the ALJ erroneously failed to consider whether she had any mental limitations. *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors")

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

(ECF No. 20) at 1-2. I find no harmful error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 30; that, through her date last insured ("DLI"), she had the severe impairments of obesity and dysfunction of both knees, Finding 3, *id.*; that, through her DLI, she had no impairment or combination of impairments that met or equaled any of the Listings, Finding 4, *id.* at 32; that, through her DLI, she had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could stand and/or walk for about two hours in an eight-hour workday, occasionally push and pull with her right lower extremity, occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally balance and stoop, never kneel, occasionally crouch, never crawl, perform no work in extreme cold, on surfaces, with tools that vibrate, at unprotected heights, or on uneven ground, and would need a cane to ambulate, Finding 5, *id.* at 33; that, through her DLI, considering her age (36 years old, defined as a younger individual, on her DLI), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 37; and that she, therefore, had not been disabled at any time from January 1, 2012, her amended alleged onset date of disability, through December 31, 2016, her DLI, Finding 11, *id.* at 38. The Appeals Council declined to review the decision, *id.* at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that her impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 404.1520(d); *Dudley v. Sec'y of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 404.1525(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

## I. Discussion

### A. Appeals Council's Refusal to Consider Evidence

In denying the plaintiff's request for review of the ALJ's decision, the Appeals Council acknowledged that she had submitted the medical source statement of PA-C St. Onge dated August 4, 2017. *See* Record at 2. However, it explained:

3

> The [ALJ] decided your case through December 31, 2016. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2016.

*Id*.

In *Mills v. Apfel,* 244 F.3d 1 (1st Cir. 2001), the First Circuit made clear that there are two circumstances in which remand based on submission of evidence subsequent to the issuance of an ALJ's decision is appropriate: (i) when that evidence is new and material *and* a claimant demonstrates good cause for its belated submission and (ii) when, regardless of whether there is such good cause, the Appeals Council has given an "egregiously mistaken ground" for its action in refusing review in the face of such late-tendered evidence. *Mills,* 244 F.3d at 5-6.

The plaintiff contends that the Appeals Council was egregiously mistaken in concluding that the St. Onge medical source statement did not relate to the period through December 31, 2016. *See* Statement of Errors at 9-12. However, as the commissioner counters, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 23) at 2-4, that is not the case. PA-C St. Onge's statement is dated August 4, 2017, *see* Record at 49, postdating the plaintiff's DLI by more than seven months. She not only checked boxes and answered questions inquiring about the plaintiff's current status, *see, e.g., id*. at 44 (instructing the medical source to "[c]heck the boxes representing the amount the individual can lift and how often it can be lifted") (underscore in original), but also hand-wrote, "unable to walk or stand for prolonged time due to right knee pain and weakness[,]" *id*. at 45.

The sole indication on the face of the St. Onge statement that her opinions might pertain to a different time period is the fact that she answered "Yes" to the question, "Have the limitations you found above lasted or will they last for 12 consecutive months?" *Id*. at 49. However, as the plaintiff's counsel acknowledged at oral argument, the question as phrased is ambiguous, as a result of which it is unclear whether PA-C St. Onge meant to indicate that the assessed limitations

had predated, or were expected to postdate, her August 4, 2017, statement, or some combination of both. The plaintiff's counsel, nonetheless, contended that, had the Appeals Council construed the St. Onge statement against the backdrop of the underlying medical evidence the plaintiff submitted with that statement, the ambiguity would have been resolved in the plaintiff's favor. This proves too much. The Appeals Council cannot be said to have been "egregiously mistaken[,]" *Mills*, 244 F.3d at 5, in determining that the St. Onge statement on its face did not pertain to the period prior to the plaintiff's DLI.[3]

In the alternative, the plaintiff contends that the Appeals Council should have remanded the matter for the consideration of "new and material evidence[,]" Statement of Errors at 11, implicating the alternative basis for remand pursuant to *Mills*. However, as the commissioner rejoins, *see* Opposition at 2, 4-5, to be entitled to remand on that basis, a claimant must demonstrate not only that evidence is new and material, but also that there is "good cause" for its belated submission, *Mills*, 244 F.3d at 5-6. The plaintiff does not even attempt to make a good-cause showing. *See* Statement of Errors at 11-12.[4]

Remand, accordingly, is unwarranted on the basis of this point of error.

---

[3] The plaintiff observes that, in *Michael H. v. Soc. Sec. Admin. Comm'r*, 2:17-cv-00447-JAW, 2018 WL 4179317 (D. Me. Aug. 31, 2018) (rec. dec., *aff'd* Feb. 15, 2019), this court remanded a case for further proceedings when the Appeals Council failed to consider the opinion of a treating source, summarily stating that the opinion concerned a different period of time, and in *Hamm v. Berryhill*, 2:16-cv-00627-DBH, 2017 WL 4918514 (D. Me. Oct. 31, 2017) (rec. dec., *aff'd* Dec. 5, 2017), this court remanded a matter for further proceedings when the Appeals Council failed to consider new and material evidence after erroneously concluding that the evidence related to a different time period than was under consideration by the ALJ. *See* Statement of Errors at 10-11. Both cases are distinguishable. The opinion at issue in *Michael H.* referred to records from the relevant period and explicitly indicated that the assessed limitations had begun years earlier. *See Michael H.*, 2018 WL 4179317, at *4. In *Hamm*, the commissioner did "not directly challenge Plaintiff's contention that the 'about a later time' finding was incorrect[.]" *Hamm*, 2017 WL 4918514, at *3.

[4] As the commissioner observes, *see* Opposition at 4-5, the August 4, 2017, St. Onge statement predates the August 15, 2017, decision of the ALJ, *see* Record at 38, 49. Yet, there is no indication that the plaintiff attempted to submit it to the ALJ.

## B. ALJ's Asserted Errors in Determining RFC

The plaintiff next argues that the ALJ erred in determining her RFC by (i) assigning a light work capacity despite purporting to rely on the opinions of medical experts who assessed a sedentary work capacity, (ii) mischaracterizing the evidence of her activities of daily living, and (iii) ignoring evidence that she needed to elevate her knee and leg to avoid pain and swelling, which the vocational expert ("VE") present at her hearing testified would preclude work. *See id*. at 13-15. I find no harmful error.

On the first point, as the commissioner rejoins, *see* Opposition at 9-10, the ALJ's RFC determination is not inconsistent with the opinions of agency nonexamining consultants Archibald Green, D.O., and Jose Gonzalez-Mendez, M.D., to which the ALJ accorded great weight, *see* Record at 36. Dr. Green found, in relevant part, that the plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and stand and/or walk for no more than two hours in an eight-hour day. *See id*. at 94. Dr. Gonzalez agreed with those findings, *see id*. at 109, 111, characterizing the plaintiff's RFC as "light eroded to sedentary by s/w[,]" presumably, standing/walking, *id*. at 106. The ALJ assessed identical lifting, carrying, standing, and walking limitations. She deemed the plaintiff capable of performing light work, *see* Finding 5, *id*. at 33, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[,]" 20 C.F.R. § 404.1567(b), with additional limitations, including a restriction to standing and/or walking for about two hours in an eight-hour workday, *see* Finding 5, Record at 33.

In any event, as the commissioner argues in the alternative, *see* Opposition at 10-11, any error is harmless. As counsel for the plaintiff acknowledged at oral argument, even if the ALJ had limited his client to sedentary work, she would have remained capable of performing two of the three jobs on which the ALJ relied, those of callout operator and telemarketer. The commissioner

argued, *see id*. at 11, and the plaintiff's counsel did not dispute, that those jobs, with a combined 178,000 positions available in the national economy, constitute a significant number of jobs in the national economy.

Turning to the second point, the plaintiff contends that, in deeming her able to continue her hobbies of hunting and fishing, the ALJ ignored evidence that she no longer could hunt and fish, and, in relying on her ability to perform household chores, including doing the laundry, doing the dishes, and sweeping, the ALJ ignored her testimony that she could perform those activities only while seated. *See* Statement of Errors at 14-15.

The commissioner acknowledges that the ALJ overlooked the plaintiff's report that she could no longer hunt, fish, or camp, but persuasively argues that the error is harmless for two reasons. *See* Opposition at 13. First, the plaintiff reported that she was unable to perform those activities because uneven surfaces were too dangerous for her, *see* Record at 228, and the ALJ adopted a limitation against work involving uneven surfaces, *see* Finding 5, *id*. at 33. Second, the plaintiff does not challenge the ALJ's reliance on extensive additional evidence in assessing the supportability of her subjective allegations. *See id*. at 33-36; *Flood v. Colvin*, No. 15-2030, 2016 WL 6500641, at *1 (1st Cir. Oct. 20, 2016) (even if ALJ erred in considering claimant's drug-seeking behavior, error was harmless when ALJ identified other bases for discounting claimant's subjective allegations that constituted substantial evidence in support of that finding).

The ALJ's observation that the plaintiff was "able to attend to light household chores, including laundry, dishes and sweeping the kitchen[,]" is not inaccurate. Record at 35. However, even assuming that the ALJ erred in not addressing the plaintiff's testimony that she could perform those activities only while seated, any error is harmless given, as noted, the extensive additional evidence on which the ALJ relied.

7

Turning, finally, to the third point, the ALJ did not err in imposing no requirement that the plaintiff keep her right leg elevated. The ALJ relied on the opinions of Drs. Green and Gonzalez-Mendez, neither of whom indicated that the plaintiff had such a need, *see* Record at 36, 94-96, 109-11, and the plaintiff neither challenges her reliance on those expert opinions nor identifies any expert opinion to the contrary, *see* Statement of Errors at 15.

Remand, accordingly, is unwarranted on the basis of this point of error.

### C. ALJ's Asserted Errors in Evaluating Listings

The plaintiff next contends that the ALJ erred in failing to consider whether her knee impairment equaled Listing 1.02, or met or equaled Listing 1.03. *See* Statement of Errors at 16-17. She asserts that, while the ALJ supportably found that her impairment did not meet Listing 1.02 on the basis that the record lacked the required imaging, the lack of such imaging had no bearing on whether her impairment equaled Listing 1.02. *See id*. at 16. She adds that the ALJ failed even to address Listing 1.03, arguing that the evidence shows that she "is unable to walk effectively because of her knee condition, a finding that seemingly was accepted by the ALJ in her decision when she stated that the reason Plaintiff could not meet or equal listing 1.02 (which also requires the inability to ambulate effectively), was because Plaintiff did not have the required imaging." *Id*. at 17 (citation omitted).

As the commissioner rejoins, *see* Opposition at 7, this showing falls short of meriting remand at Step 3. The ALJ relied on the opinions of two agency nonexamining consultants, Drs. Green and Gonzalez-Mendez, who considered Listing 1.02 but went on to assess the plaintiff's RFC, thereby "signaling that [they] did not consider [the listing] to have been met or equaled[.]" *Carlin v. Berryhill*, No. 2:17-cv-000175-DBH, 2018 WL 2079504, at *4 (D. Me. May 4, 2018) (rec. dec., *aff'd* May 22, 2018). In this case, as in *Carlin*, "there is no contrary expert opinion of record." *Id*.

8

In any event, to demonstrate entitlement to remand at Step 3, a claimant must identify evidence that the impairment at issue met or equaled a listing. *See id*. The plaintiff does not explain how her knee impairment equaled Listing 1.02. *See* Statement of Errors at 16. As concerns Listing 1.03, she posits that the ALJ "seemingly . . . accepted" that she could not ambulate effectively when she identified the lack of required imaging as the sole basis for her finding that the plaintiff's knee impairment did not meet or equal Listing 1.02. *Id*. at 16-17. Yet, the fact that the ALJ did not reach that point does not mean that she conceded it, and the plaintiff makes no showing that her impairment met or equaled the relevant criteria.[5]

Remand, accordingly, is unwarranted on the basis of this point of error.

### D. ALJ's Asserted Error in Failing to Assess Mental Limitations

The plaintiff, finally, seeks remand on the basis that the ALJ failed to assess any mental limitations despite determining that she had a nonsevere medically determinable impairment of depression. *See* Statement of Errors at 17-18; Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2019), at 147 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Nonetheless, as the commissioner contends, *see* Opposition at 14, the plaintiff fails to demonstrate that the ALJ erred in omitting mental limitations or that any error was harmful. The ALJ relied on the opinions of two agency nonexamining consultants who assessed no limitations stemming from the plaintiff's nonsevere impairment of depression. *See* Record at 32, 93, 107-08.

---

[5] For purposes of Listings 1.02 and 1.03, an "[i]nability to ambulate effectively means an extreme limitation of the ability to walk; *i.e*., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." Listing 1.00((B)(2)(b)(1). "Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id*.

Even assuming error, the plaintiff makes no showing that the ALJ omitted to assess a mental limitation that would have materially affected her Step 5 decision. *See* Statement of Errors at 17-18. That omission is fatal to her bid for remand on this basis. *See, e.g.*, *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) (In this district, "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.").[6]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of December, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[6] At oral argument, the plaintiff's counsel posited that any error was not harmless because the plaintiff's depression at times could be worse, and missing days of work due to depression might have ruled out some of the jobs on which the ALJ relied, for example, that of parking attendant. However, he identified no evidence that the plaintiff's depression would cause her to miss work.